f-STND CLOSED

U.S. District Court
U.S. District Court of Eastern Pennsylvania (Philadelphia)

CIVIL DOCKET FOR CASE #: 01-CV-2151

WILKINSON, et al v. NORFOLK SOUTHERN COR, et al          Filed: 05/02/01
Assigned to: JUDGE EDUARDO C. ROBRENO          Jury demand: Both
Demand: $0,000                                  Nature of Suit: 330
Lead Docket: None                               Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 45:51 Railways: Fed. Employer's Liability Act


TERRY BOYD WILKINSON              JOSEPH A. COFFEY, JR.
     PLAINTIFF                    [COR LD NTC]
                                  COFFEY & KAYE
                                  TWO BALA PLAZA
                                  STE. 718
                                  BALA CYNWYD, PA 19004
                                  USA
                                  TEL 610-668-9800

SHARON WILKINSON, HUSBAND AND     JOSEPH A. COFFEY, JR.
WIFE                              (See above)
     PLAINTIFF                    [COR LD NTC]

     v.

NORFOLK SOUTHERN CORPORATION      RICHARD K. HOHN
t/a                               FAX 215-496-9997
NORFOLK & WESTERN RAILWAY         [COR LD NTC]
COMPANY                           HOHN & SCHEUERLE
     DEFENDANT                    ELEVEN PENN CENTER
                                  1835 MARKET STREET
                                  SUITE 2901
                                  PHILADELPHIA, PA 19103
                                  USA
                                  TEL 215-496-9995

CONSOLIDATED RAIL CORPORATION     RICHARD K. HOHN
     DEFENDANT                    (See above)
                                  [COR LD NTC]


Docket as of June 21, 2001 2:34 pm          Page 1

Proceedings include all events.                                    f-STND
2:01cv2151 WILKINSON, et al v. NORFOLK SOUTHERN COR, et al          CLOSED

5/2/01    1      Complaint.    filing fee $ 150   receipt # 760495 (tj)
                 [Entry date 05/02/01]

5/2/01    --     Summons(es) 2 issued. Mailed to counsel on 5/2/01. (tj)
                 [Entry date 05/02/01]

5/2/01    --     Demand for jury trial by PLAINTIFF TERRY BOYD WILKINSON,
                 PLAINTIFF SHARON WILKINSON. (tj) [Entry date 05/02/01]

5/2/01    --     Standard Case Management Track. (tj) [Entry date 05/02/01]

5/9/01    2      Affidavit  of: G. Catalano re: served summons and complaint
                  upon DEFENDANT NORFOLK SOUTHERN COR .  Served by: personal
                 service on 5/4/01 . (ph) [Entry date 05/09/01]

5/9/01    3      Affidavit  of: G. Catalano re: served summons and complaint
                  upon DEFENDANT CONSOLIDATED RAIL .  Served by: personal
                 service on 5/4/01 . (ph) [Entry date 05/09/01]

5/15/01   4      Appearance of RICHARD K. HOHN for DEFENDANT NORFOLK
                 SOUTHERN CORPORATION, DEFENDANT CONSOLIDATED RAIL; jury
                 demand. (mbh) [Entry date 05/16/01]

6/1/01    5      STIPULATION AND ORDER,  RESET ANSWER DUE FOR 6/30/01 FOR
                 CONSOLIDATED RAIL, NORFOLK SOUTHERN COR  ( SIGNED BY JUDGE
                 EDUARDO C. ROBRENO ) 6/1/01 ENTERED AND COPIES MAILED (ph)
                 [Entry date 06/01/01]

6/18/01   6      STIPULATION AND ORDER THAT THE ABOVE CAPTIONED MATTER IS
                 TRANSFERRED TO THE MIDDLE DISTRICT OF PA. (SIGNED BY JUDGE
                 EDUARDO C. ROBRENO) 6/19/01 ENTERED AND COPIES MAILED AND
                 FAXED. (fb) [Entry date 06/19/01]

6/18/01   --     Case closed (kv) [Entry date 06/21/01]

6/21/01   --     Original record together with certified copy of docket
                 entries forwarded to the U.S.District Court for the Middle
                 District of PA. (fb) [Entry date 06/21/01]





COFFEY & KAYE
BY:    JOSEPH A. COFFEY, JR., ESQUIRE
IDENTIFICATION NO. 14107
Suite 718, Two Bala Plaza
Bala Cynwyd, PA  19004
(610) 668-9800                                      Attorneys For:  Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERRY BOYD WILKINSON and            :        CIVIL ACTION
SHARON WILKINSON, husband and wife  :
                         Plaintiff  :
                                    :
                                    :
          vs.                       :
                                    :
                                    :
NORFOLK SOUTHERN CORPORATION, t/a   :
NORFOLK & WESTERN RAILWAY           :        JURY TRIAL DEMANDED
COMPANY                             :
          and                       :
CONSOLIDATED RAIL CORPORATION       :
                                    :
                         Defendants :        NO. 01CV 2151

## C O M P L A I N T

### COUNT I. - FELA

**Terry Boyd Wilkinson v. Norfolk Southern Corporation t/a Norfolk & Western Railway**
**Company and Consolidated Rail Corporation**

     1.        The plaintiff herein is Terry Boyd Wilkinson, a citizen and resident of the

Commonwealth of Pennsylvania, residing therein at R.D. #1, Box 485, Landisburg.

     2.        This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat.

65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of

Congress, approved by the President of the United States on August 11, 1939, Chapter 685 -

First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act" and under "The Federal Safety Appliances Act," Title 49, U.S.C.A., §§20301, et seq., and "The Federal Boiler Inspection Act," Title 49 U.S.C.A., §§20701, et seq.

3.      The defendant, Norfolk Southern Corporation t/a Norfolk & Western Railway Company, is a corporation duly organized and existing under and by virtue of the laws of one or more states of the United States of America and does business in the Eastern District of Pennsylvania.

4.      The defendant, Consolidated Rail Corporation, is a corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania and does business in the Eastern District of Pennsylvania.

5.      At the time and place hereinafter mentioned and for a long time prior thereto, the defendants, as common carriers, operated trains carrying passengers, freight, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and their territories.

6.      At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendants, their agents, servants, workmen and/or employees, acting in the course and scope of their employment with and under the control of the defendants.

7.      At the time and place hereinafter mentioned, the plaintiff and the defendants were engaged in interstate commerce between the different states of the United States and their territories.

8.      All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the defendants, their agents, servants, workmen and/or employees.

2

9.    As a result of the accident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and will suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and will undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and will be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

10.    The accident herein referred to was caused solely and exclusively by the negligence of the defendants, their agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11.    On or about June 15, 1999, at or about 4:15 a.m., and for some time prior thereto, plaintiff was employed by the defendants, Norfolk Southern Corporation and/or Consolidated Rail Corporation, and/or GPS Technical Services, Inc. of Bethlehem, Pennsylvania.

12.    On the aforementioned date and at the aforementioned time, GPS Technical Services, Inc. had a contract with Norfolk Southern Corporation and/or Consolidated Rail Corporation whereby GPS provided employees and services to the aforementioned railroads at their Harrisburg Intermodal Yard, in or near Harrisburg, Pennsyvlania.

13.    On the aforementioned date and at the aforementioned time, the defendant-railroads, Norfolk Southern Corporation and Consolidated Rail Corporation, strictly supervised, regulated, oversaw, coordinated, and controlled the activities of the plaintiff and the other GPS employees.

14.    At all times material hereto, plaintiff and his co-workers were under the strict supervision of Norfolk Southern Corporation and/or Consolidated Rail Corporation and their supervisory employees and personnel.

3

15.    On the aforementioned date and at the aforementioned time, while working under the supervision and control of the defendants' employees, plaintiff was assigned to unload piggy-back trailers from railroad flat cars.

16.    On the aforementioned date and at the aforementioned time, plaintiff was using an approximately 33" bar to open or undo a trailer hitch as part of the process of removing the trailers from the railroad cars.

17.    On the aforementioned date and at the aforementioned time, as a result of the negligence of the defendants, jointly and severally, individually and/or through their agents, servants, workmen and/or employees, said trailer hitch did not operate properly, causing the bar to separate from the female receptacle on the trailer, and causing the plaintiff to be propelled backwards.

18.    The aforementioned trailer hitch, its mechanisms, and its latch, failed to operate properly as a result of the joint and several negligence of the defendants, individually and/or through their agents, servants, workmen and/or employees.

19.    The aforementioned bar was caused to separate from the female receptacle on the trailer as a result of the joint and several negligence of the defendants, individually and/or through their agents, servants, workmen and/or employees.

20.    As plaintiff was propelled backwards, in an attempt to stop his backward momentum and to stop is falling off of the railroad car, he grabbed a wheel plate and felt sudden and severe pain in his upper back, and his right shoulder radiating throughout his arm and hand.

21.    As a result of the aforementioned accident, plaintiff sustained the serious painful and permanent personal injuries more particularly hereinafter set forth.

22.    The aforesaid accident was caused by the negligence of the defendants, their agents, servants, workmen and/or employees, and by the defendants's violation of "The Federal

4

Employers' Liability Act," "The Federal Safety Appliances Act" and "The Federal Boiler Inspection Act," and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

23.    As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injury to his right shoulder; synovitis of the supraspinatus tendon of the right shoulder; tendinitis involving the biceps tendon; anterior instability of right shoulder with labral tear; subacromial bursitis. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries are not presently known.

## COUNT II. - Common Law Negligence

### Terry Boyd Wilkinson and Sharon Wilkinson, husband and wife v. Norfolk Southern Corporation t/a Norfolk & Western Ry. Co.

24.    Plaintiffs, Terry Boyd Wilkinson and Sharon Wilkinson, are husband and wife and citizens and residents of the Commonwealth of Pennsylvania, residing therein at R.D. #1, Box 485, Landisburg.

25.    Defendant, Norfolk Southern Corporation t/a Norfolk & Western Railway Company, is a corporation duly organized and existing under and by virtue of the laws of the State of Virginia, with a principal place of business in a state other than Pennsylvania, that does business in the Eastern District of Pennsylvania.

26.    Jurisdiction is founded upon diversity of citizenship and the amount in controversy is in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of costs and interest.

27.    All the acts alleged to have been done or not to have been done by the defendant were done or not done by its respective agents, servants, workmen and/or employees, acting in the course and scope of their employment for and on behalf of said defendant.

5

28.    At all times material herein defendant, Norfolk Southern Corporation t/a Norfolk & Western Railway Company, owned a certain railroad flat car, piggy-back trailer, and/or trailer hitch.

29.    At all times material herein defendant, Norfolk Southern Corporation t/a Norfolk & Western Railway Company, possessed a certain railroad flat car, piggy-back trailer, and/or trailer hitch.

30.    At all times material herein defendant, Norfolk Southern Corporation t/a Norfolk & Western Railway Company, maintained a certain railroad flat car, piggy-back trailer, and/or trailer hitch.

31.    At all times material herein defendant, Norfolk Southern Corporation t/a Norfolk & Western Railway Company, operated a certain railroad flat car, piggy-back trailer, and/or trailer hitch.

32.    At all times material herein defendant, Norfolk Southern Corporation t/a Norfolk & Western Railway Company, controlled a certain railroad flat car, piggy-back trailer, and/or trailer hitch.

33.    At all times material herein defendant, Norfolk Southern Corporation t/a Norfolk & Western Railway Company, leased a certain railroad flat car, piggy-back trailer, and/or trailer hitch.

34.    On the aforementioned date and at the aforementioned time, plaintiff was using an approximately 33" bar to open or undo a trailer hitch as part of the process of removing the trailers from the railroad cars.

35.    The aforementioned trailer hitch, its mechanisms, and its latch, failed to operate properly as a result of the negligence of the defendant, individually and/or through their agents, servants, workmen and/or employees.

6

36.    The aforementioned bar was caused to separate from the female receptacle on the trailer as a result of the negligence of the defendant, individually and/or through their agents, servants, workmen and/or employees.

37.    As plaintiff was propelled backwards, in an attempt to stop his backward momentum and to stop is falling off of the railroad car, he grabbed a wheel plate and felt sudden and severe pain in his upper back, and his right shoulder radiating throughout his arm and hand.

38.    As a result of the aforementioned accident, plaintiff sustained the serious painful and permanent personal injuries more particularly hereinafter set forth.

39.    As a result of the aforesaid accident, plaintiff sustained injuries to his body, including but at this time not limited to, its bones, cells, tissues, nerves, muscles and functions. Plaintiff sustained injury to his right shoulder; synovitis of the supraspinatus tendon of the right shoulder; tendinitis involving the biceps tendon; anterior instability of right shoulder with labral tear; subacromial bursitis. Some or all of the above injuries are or may be permanent in nature. The full extent of plaintiff's injuries are not presently known.

WHEREFORE, plaintiff claims of the defendants, jointly and severally, upon each Count for a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

COFFEY & KAYE

BY: _____
    JOSEPH A. COFFEY, JR.
    Counsel for Plaintiff

JS 44
(Rev. 07/89)

**CIVIL COVER SHEET**



01CV2151

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

TERRY BOYD WILKINSON and
SHARON WILKINSON H?W
R.D.#1, Box 485
Landisburg, PA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

42099

## DEFENDANTS

Consolidated Rail Corporation
Law Department, 16-A
Two Commerce Square
2001 Market Street, P.O. Box 41416
Philadelphia, PA  19101-1416

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (see attach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Coffey & Kaye
Suite 718, Two Bala Plaza
Bala Cynwyd, PA  19004
(610) 668-9800

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government
    Plaintiff

☐ 2 U.S. Government
    Defendant

☒ 3 Federal Question
    (U.S. Government Not a Party)

☐ 4 Diversity
    (Indicate Citizenship of
    Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)  On 6/15/99____, plaintiff sustained personal injuries i
the course of his employment with Conrail.  This action is brought under
inter alia, "The Federal Employers' Liability Act" 45 U.S.C. Sec. 51, et

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/e |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

Transferred from
☐ 5 another district
    (specify)

☐ 6 Multidistrict
    Litigation

Appeal to District
☐ 7 Judge from
    Magistrate
    Judgment

## VII. REQUESTED IN    CHECK IF THIS IS A **CLASS ACTION**
COMPLAINT:      ☐ UNDER F.R.C.P. 23

**DEMAND $in excess** CHECK YES only if demanded in complaint:
of $150,000      JURY DEMAND:  ☒ YES   ☐ NO

## VIII. RELATED CASE(S)  (See instructions):
IF ANY                                    JUDGE _____    DOCKET NUMBER _____

DATE 5/1/01      SIGNATURE OF ATTORNEY OF RECORD    Joseph A. Coffey, JR.

MAY 0 2 2001

NORFOLK SOUTHERN CORPORATION t/a
NORFOLK & WESTERN RAILWAY COMPANY
500 Office Center Drive, Suite 190
Fort Washington, PA  19034

# UNITED STATES DISTRICT COURT

01CV2151

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____ R.D.#1, Box 485, Landisburg, PA _____

Address of Defendant: N&S _501 Office Ctr. Dr., Suite 190, Fort Washington, PA_ 19034
_____ Conrail - 2001 Market Street, Philadelphia, PA 19101 _____

Place of Accident, Incident or Transaction: _____ Bethlehem, PA _____
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?                                       Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                      Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                      Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                                      Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☒ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify) Common Law
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____ Joseph A. Coffey, Jr. _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __5/1/01__    _____    __14107__
                    Attorney-at-Law Joseph A. Coffey, Jr.    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __5/1/01__    MAY 0 2 2001    _____    __14107__
                                    Attorney-at-Law Joseph A. Coffey, Jr.    Attorney I.D.#

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM



|  |  |  |
|---|---|---|
| TERRY BOYD WILKINSON AND SHARON WILKINSON H?W | : | CIVIL ACTION |
| v. | : |  |
| NORFOLK SOUTHERN CORPORATIO and CONSOLIDATED RAIL CORPORATION | : | NO. 01CW2151 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)    Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.                                                            ( )

(b)    Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c)    Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.                                ( )

(d)    Asbestos  -- Cases involving claims for personal injury or property damage from exposure to asbestos.                                                                  ( )

(e)    Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f)    Standard Management -- Cases that do not fall into any one of the other tracks.                                                    ( X )

_%?)+ 5/1/01_
**(Date)**

MAY 0 2 2001

_JOSEPH A. COFFEY, JR._    **Attorney-at-law**

**Attorney for**

(Civ. 660)
1/92

 

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

TERRY BOYD WILKINSON                    MAY 9 2001  :         CIVIL ACTION

MICHAEL E. KUNZ, Clerk
Dep. Cler
                        vs.              By                   :

NORFOLK SOUTHERN CORPORATION                             :    NO. 01-2151

### AFFIDAVIT OF SERVICE:

COMMONWEALTH OF PENNSYLVANIA          :
                                      : ss.
COUNTY OF MONTGOMERY                  :

       Gennaro J. Catalano, being duly sworn according to law, deposes and says that he/she is process server herein named, and that the facts herein set forth above are true and correct to the best of his knowledge, information and belief, served the following defendant the Summons in a Civil Action, Complaint, as follows:

       Served and made known to Norfolk Southern Corporation (accepted by Carolyn Narcisi, authorized agent) on the 4th day of May, 2001, at 2:55 p.m. o'clock at 500 Office Center Drive, Suite 101, Fort Washington, PA 19034.

                                 _Gennaro J. Catalano_
                                 Gennaro J. Catalano

Sworn to and subscribed
before me this 8th
day of May, 2001.

_Danielle Bradly_




IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED

MAY 9 2001

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

TERRY BOYD WILKINSON                        :        CIVIL ACTION

            vs.                             :

CONSOLIDATED RAIL CORPORATION               :        NO. 01-2151

**AFFIDAVIT OF SERVICE:**

COMMONWEALTH OF PENNSYLVANIA       :
                                   :        SS.
COUNTY OF MONTGOMERY               :

        Gennaro J. Catalano, being duly sworn according to law, deposes and says that he/she

is process server herein named, and that the facts herein set forth above are true and correct to the

best of his knowledge, information and belief, served the following defendant the Summons in a Civil

Action, Complaint as follows:

        Served and made known to Consolidated Rail Corporation (accepted by Joe Rogers, authorized

agent) on the 4th day of May, 2001, at 2:05 p.m. o'clock at Conrail Law Department, Two

Commerce Square, 2001 Market Street, 16th Floor, Philadelphia, Pennsylvania.

_____
Gennaro J. Catalano

Sworn to and subscribed
before me this 8th
day of May, 2001

_____

```
            NOTARIAL SEAL
   DANIELLE BRADLEY, Notary Public
  Lower Merion Twp., Montgomery County
    My Commission Expires May 3, 2004
```

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 5/4/01 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| GENNARO J. CATALANO | PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☑ Other (specify): SUBSERVED  JOE ROGERS, AUTHORIZED AGENT
FOR CONRAIL
_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    5/8/01
          Date

*Signature of Server*  Gennaro J. Catalano

718 RDO BALA
BALA CYNWYD. PA.
19004

*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



**HOHN & SCHEUERLE**
**BY:    RICHARD K. HOHN, ESQUIRE**
**Identification No.: 32528**
**BY:    MARYELLEN CONROY, ESQUIRE**
**Identification No.: 73976**
**Eleven Penn Center**
**Suite 2901**
**1835 Market Street**
**Philadelphia, PA 19103**          **Attorney for Defendants,**
**(215) 496-9995**                **Norfolk Southern Corporation,**
**Our File No.: 8500-21**          **t/a Norfolk & Western Railway Co. and**
                                **Consolidated Rail Corporation**

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY BOYD WILKINSON and** | : | **CIVIL ACTION** |
| **SHARON WILKINSON, h/w** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NORFOLK SOUTHERN CORPORATION,** | : | |
| **t/a NORFOLK & WESTERN RAILWAY CO.** | : | **F I L E D** |
| **and CONSOLIDATED RAIL CORPORATION** | : | **NO. 01-2151** |

**MAY 1 5 2001**

MICHAEL E. KUNZ, Clerk
By _____ Dep. Cler'

### ENTRY OF APPEARANCE

TO THE CLERK:

Kindly enter my appearance on behalf of Defendants, Norfolk Southern Corporation, t/a

Norfolk & Western Railway Co. and Consolidated Rail Corporation in the above captioned matter.

Defendants, Norfolk Southern Corporation, t/a Norfolk & Western Railway Co. and

Consolidated Rail Corporation demand a jury trial, jury of twelve with alternates is demanded.

HOHN & SCHEUERLE

By: _____
RICHARD K. HOHN, ESQUIRE
MARYELLEN CONROY, ESQUIRE

HOHN & SCHEUERLE
BY:   RICHARD K. HOHN, ESQUIRE
Identification No.: 32528
BY:   MARYELLEN CONROY, ESQUIRE
Identification No.: 73976
Eleven Penn Center
Suite 2901
1835 Market Street
Philadelphia, PA 19103
(215) 496-9995
Our File No.: 8500-21



Attorney for Defendants,
Norfolk Southern Corporation,
t/a Norfolk & Western Railway Co. and
Consolidated Rail Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERRY BOYD WILKINSON and
SHARON WILKINSON, h/w

      v.

NORFOLK SOUTHERN CORPORATION,
t/a NORFOLK & WESTERN RAILWAY CO.
and CONSOLIDATED RAIL CORPORATION

**F I L E D**

JUN ● 2001

MICHAEL E. KUNZ, Clerk
By ___ Dep. Clerk

CIVIL ACTION

NO.  01-2151

**STIPULATION**

TO THE CLERK OF COURT:

    It is hereby agreed among counsel for plaintiff, Joseph A. Coffey, Jr., Esquire and counsel

for defendant, Richard K. Hohn, Esquire that defendant may extend the time to answer Plaintiff's

Complaint by thirty (30) days. *to June 30, 2001*

_____
JOSEPH A. COFFEY, JR., ESQUIRE
Attorney for Plaintiff

Coffey & Kaye
718 Two Bala Plaza
Bala Cynwyd, PA 19004
610-668-9800

_____
RICHARD K. HOHN, ESQUIRE
Attorney for Defendants

Eleven Penn Center, Suite 2901
1835 Market Street
Philadelphia, PA 19103
215 496-9995

BY THE COURT:

_____
                             J.

5/31/01



**HOHN & SCHEUERLE**
BY:    RICHARD K. HOHN, ESQUIRE
Identification No.: 32528
BY:    MARYELLEN CONROY, ESQUIRE
Identification No.: 73976
Eleven Penn Center
Suite 2901
1835 Market Street
Philadelphia, PA 19103
(215) 496-9995
Our File No.: 8500-21

**Attorney for Defendants,
Norfolk Southern Corporation,
t/a Norfolk & Western Railway Co. and
Consolidated Rail Corporation**

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY BOYD WILKINSON and SHARON WILKINSON, h/w | : | CIVIL ACTION  FILED |
| | : | |
| v. | : | JUN 1 8 2001 |
| | : | MICHAEL E. KUNZ, Clerk |
| NORFOLK SOUTHERN CORPORATION, t/a NORFOLK & WESTERN RAILWAY CO. and CONSOLIDATED RAIL CORPORATION | : | By _____ Dep. Clerk |
| | : | NO.  01-2151 |

### STIPULATION TO VOLUNTARILY TRANSFER

TO THE CLERK OF COURT:

It is hereby agreed among counsel for plaintiff, Lawrence Katz, Esquire and counsel for defendant, Richard K. Hohn, Esquire that the above captioned matter is transferred to the  Middle District of Pennsylvania.

_____
LAWRENCE KATZ, ESQUIRE
Attorney for Plaintiff

Coffey & Kaye
718 Two Bala Plaza
Bala Cynwyd, PA 19004
610-668-9800

_____
RICHARD K. HOHN, ESQUIRE
Attorney for Defendants

Eleven Penn Center, Suite 2901
1835 Market Street
Philadelphia, PA 19103
215 496-9995

BY THE COURT:

_____ J.

6/18/01

XC: J Coffey
R. Hohn (fax)

**ENTERED**
JUN 1 9 2001
CLERK OF COURT

2:01-cv-02151

RICHARD K. HOHN, Esq.                          tmo
HOHN & SCHEUERLE
ELEVEN PENN CENTER
1835 MARKET STREET
SUITE 2901
PHILADELPHIA, PA  19103                        FAX 215-496-9997


------------------------------


------------------------------

**\*\*\*\*\*\*\*\*\*\*\*\* –COMM. JRNAL– \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* DATE JUN-19-2001 \*\*\* TIME 09:12 \*\*\*\*\*\*\*\***

MODE = MEMORY TRANSMISSION                    START=JUN-19 09:11    END=JUN-19 09:12

FILE NO.=655

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---------|-------|----------|----------------------|-------|----------|
| 001 | OK | ☎ | 92154969997 | 002/002 | 00:00:33 |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* –          – \*\*\*\*\* –          – \*\*\*\*\*\*\*\*\***



**HOHN & SCHEUERLE**
BY:    RICHARD K. HOHN, ESQUIRE
Identification No.: 32528
BY:    MARYELLEN CONROY, ESQUIRE
Identification No.: 73976
**Eleven Penn Center**
**Suite 2901**
**1835 Market Street**
**Philadelphia, PA 19103**
**(215) 496-9995**
**Our File No.: 8500-21**

Attorney for Defendants,
Norfolk Southern Corporation,
t/a Norfolk & Western Railway Co. and
Consolidated Rail Corporation

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERRY BOYD WILKINSON and          :      CIVIL ACTION **F I L E D**
SHARON WILKINSON, h/w             :
                                  :                JUN 1 8 2001
        v.                        :
                                  :      MICHAEL E. KUNZ, Clerk
NORFOLK SOUTHERN CORPORATION,     :      By _____
t/a NORFOLK & WESTERN RAILWAY CO. :                      Dep. Clerk
and CONSOLIDATED RAIL CORPORATION :      NO. 01-2151

### STIPULATION TO VOLUNTARILY TRANSFER

TO THE CLERK OF COURT:

It is hereby agreed among counsel for plaintiff, Lawrence Katz, Esquire and counsel for

defendant, Richard K. Hohn, Esquire that the above captioned matter is transferred to the Middle

District of Pennsylvania.

LAWRENCE KATZ, ESQUIRE                    RICHARD K. HOHN, ESQUIRE
Attorney for Plaintiff                    Attorney for Defendants

Coffey & Kaye                             Eleven Penn Center, Suite 2901
718 Two Bala Plaza                        1835 Market Street
Bala Cynwyd, PA 19004                     Philadelphia, PA 19103
610-668-9800                              215 496-9995

                                          BY THE COURT:

**ENTERED**
                                          _____ J.
**JUN 1 9 2001**                          6/18/01

**CLERK OF COURT**