

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY BOYD WILKINSON and | : | CIVIL ACTION |
| SHARON WILKINSON, husband and | : | |
| wife, | : | |
| Plaintiffs | : | |
| | : | JURY TRIAL DEMANDED |
| NORFOLK SOUTHERN CORPORATION, | : | |
| t/a NORFOLK & WESTERN RAILWAY | : | JUDGE SYLVIA H. RAMBO |
| COMPANY | : | |
| AND | : | NO. 01-CV-1146 |
| CONSOLIDATED RAIL CORPORATION, | : | |
| Defendants | : | |

**ANSWER WITH AFFIRMATIVE DEFENSES OF
NORFOLK SOUTHERN CORPORATION,
t/a NORFOLK & WESTERN RAILWAY COMPANY AND
CONSOLIDATED RAIL CORPORATION, DEFENDANTS
TO PLAINTIFFS' COMPLAINT**

AND NOW comes NORFOLK SOUTHERN CORPORATION, t/a Norfolk &
Western Railway Company ("Norfolk Southern") and CONSOLIDATED RAIL
CORPORATION ("Conrail"), Defendants, by their attorneys NAUMAN, SMITH,
SHISSLER & HALL, LLP, and file the following Answer to Plaintiffs' Complaint:

1

## COUNT I - FELA

### Terry Boyd Wilkinson v. Norfolk Southern Corporation, t/a Norfolk & Western Railway Company and Consolidated Rail Corporation

1.    Upon information and belief, paragraph 1 is admitted.

2.    The averments of paragraph 2 are denied as legal conclusions.  By way of further answer, it is denied that any of the stated statutes have any application to the causes of action asserted.

3.    Denied as stated.    Norfolk Southern Corporation is a Virginia corporation.  Norfolk & Western Railway Company is a Virginia corporation and a subsidiary of Norfolk Southern Railway Company.  It is denied that either Norfolk Southern Corporation and/or Norfolk & Western Railway Company have any connection to the accident alleged to give rise to the claims asserted.  The remaining averments of paragraph 3 are legal conclusions which are denied.

4.    Admitted in part and denied in part.  It is admitted that Conrail is a Pennsylvania corporation and that it does business in the Eastern District of Pennsylvania.  It is denied that the business conducted by Conrail in the Eastern District is relevant to any of the claims asserted herein.

2

5.     Paragraph 5 is admitted in part and denied in part.  It is admitted that Norfolk Southern and Conrail are interstate common carriers of freight.  It is denied that either is an interstate common carrier of passengers.

6.     The averments of paragraph 6 are denied as legal conclusions.  By way of further answer, it is denied that any act of omission or commission by Norfolk Southern and/or Conrail caused or contributed in any manner to the accident or injuries alleged by Plaintiff.

7.     The averments of paragraph 7 are denied as legal conclusions.

8.     Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.  The averments of paragraph 8 are further denied as legal conclusions.

9.     Denied.  After reasonable investigation, Norfolk Southern and Conrail are without knowledge or information sufficient to for a belief as to the truth of these averments, and proof thereof is demanded.

10.     The averments of paragraph 10 are denied as legal conclusions.  By way of further answer, it is denied that any act or omission of Norfolk Southern and/or Conrail caused or contributed in any manner to the accident or injuries alleged by Plaintiff.

3

11.    The averments of paragraph 11 are denied as stated.  It is denied that Plaintiff, Terry Boyd Wilkinson, was or ever has been an employee of Norfolk Southern and/or Conrail.  To the contrary, upon information and belief, Norfolk Southern and Conrail believe that Plaintiff, Terry Boyd Wilkinson, was an employee of GPS Technical Services, Inc. ("GPS") and under its sole direction and control at all times relevant hereto.

12.    Admitted in part and denied in part.  It is admitted that GPS Technical Services, Inc. had a contract with Conrail to provide intermodal transportation services as an independent contractor at its Harrisburg Intermodal Yard in Harrisburg, Pennsylvania.  It is denied that on the date alleged, June 15, 1999, that GPS had any such contract with Norfolk Southern.  It is further denied that employees of GPS at any time relevant hereto were employees of Norfolk Southern and/or Conrail or under their direction or control.

13.    Denied.  To the contrary, Plaintiff, Terry Boyd Wilkinson, and other GPS employees were strictly supervised, regulated overseen, coordinated and controlled solely by GPS.

14.    Denied.  To the contrary, Plaintiff, Terry Boyd Wilkinson, and other GPS employees were strictly supervised, regulated overseen, coordinated and controlled solely by GPS.

15.    Denied.  It is denied, that  any time relevant hereto, Plaintiff was under the supervision and control of Defendants, their agents, servants or employees.  To the contrary, upon information and belief, at all times relevant hereto, Plaintiff was under the strict supervision and control of his employer, GPS.  As to the remaining averments of paragraph 15, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

16.    Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

17.    The averments of paragraph 17 are denied as legal conclusions.  By way of further answer, it is denied that any act or omission of Defendants caused or contributed in any manner to the accident or injuries alleged by Plaintiff.  As to the remaining averments of paragraph 17, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

18.    The averments of paragraph 18 are denied as legal conclusions.  By way of further answer, it is denied that any act or omission of Defendants caused or contributed in any manner to the accident or injuries alleged by Plaintiff.  As to the

remaining averments of paragraph 18, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

19.    The averments of paragraph 19 are denied as legal conclusions. By way of further answer, it is denied that any act or omission of Defendants caused or contributed in any manner to the accident or injuries alleged by Plaintiff. As to the remaining averments of paragraph 19, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

20.    Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

21.    Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

22.    The averments of paragraph 22 are denied as legal conclusions. By way of further answer, it is denied that any or omission of Defendants caused or contributed in any manner to the accident or injuries alleged by Plaintiff. It is further

denied that the statutes set forth in paragraph 22 are in any manner applicable to the facts as alleged by Plaintiff.

23.   Denied.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

WHEREFORE, Norfolk Southern Corporation, t/a Norfolk & Western Railway Company and Consolidated Rail Corporation, Defendants, demand judgment in their favor and against Plaintiffs, Terry Boyd Wilkinson and Sharon Wilkinson, Plaintiffs, as to any and all claims set forth in Count I of the Complaint.

## COUNT II - Common Law Negligence

### Terry Boyd Wilkinson and Sharon Wilkinson, husband and wife v. Norfolk Southern Corporation, t/a Norfolk & Western Railway Company

24.   Denied.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

25.   The averments of paragraph 25 are denied as stated.  Norfolk Southern Corporation is a Virginia corporation with its principal place of business in Norfolk, Virginia.  Norfolk & Western Railway Company is a Virginia corporation and a

32.     Denied.  After reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

33.     Denied.  After reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

34.     Denied.  After reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

35.     The averments of paragraph 35 are denied as legal conclusions.  By way of further answer, it is denied that any act or omission of Norfolk Southern caused or contributed in any manner to the accident or injuries alleged by Plaintiffs.

36.     The averments of paragraph 36 are denied as legal conclusions.  By way of further answer, it is denied that any act or omission of Norfolk Southern caused or contributed in any manner to the accident or injuries alleged by Plaintiffs.

37.     Denied.  After reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

38.     Denied.  After reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

39.     Denied.  After reasonable investigation, Norfolk Southern is without knowledge or information sufficient to form a belief as to the truth of these averments, and proof thereof is demanded.

WHEREFORE, Norfolk Southern Corporation, t/a Norfolk & Western Railway Company, Defendant, demand judgment in its favor and against Terry Boyd Wilkinson and Sharon Wilkinson, Plaintiffs as to any and all claims set forth in Count II of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

40.     At all times relevant hereto, Terry Boyd Wilkinson, as an employee of GPS Terminal Services, Inc. and not an employee of Norfolk Southern and/or Conrail.

## SECOND AFFIRMATIVE DEFENSE

41.     At all times relevant hereto, GPS Terminal Services, Inc. employed Terry Boyd Wilkinson, Plaintiff, and strictly controlled the work assigned to him, the manner in which he did it and the tools and equipment used in the performance of that work.

10



### THIRD AFFIRMATIVE DEFENSE

42.    The accident alleged by Plaintiffs and the injuries resulting therefrom were caused, either in whole or in part, by the actions and omissions of Terry Boyd Wilkinson, Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

43.    At all times relevant hereto, Terry Boyd Wilkinson, Plaintiff, assumed the risk of injury.

### FIFTH AFFIRMATIVE DEFENSE

44.    The accident alleged by Plaintiffs, and the injuries allegedly resulting therefrom, were caused, either in whole or in part, by person(s), or other entities other than Norfolk Southern and/or Conrail over which Norfolk Southern and/or Conrail had no right of direction, control or supervision.

### SIXTH AFFIRMATIVE DEFENSE

45.    The equipment alleged by Plaintiffs to be involved in the alleged accident set forth in their Complaint was not owned, controlled, operated, leased, possessed or maintained by Defendants and/or, alternatively, was owned, operated, controlled, leased, possessed or maintained by person(s) or other entities not under the direction, control or supervision of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

46      The injuries alleged by Plaintiff are the result, either in whole or in part, of pre-existing conditions.

## EIGHTH AFFIRMATIVE DEFENSE

47.     Plaintiff has failed to mitigate his damages by failing to follow the advice of his health care providers and/or failing to seek employment when reasonably able to do so and/or alternative employment.

## NINTH AFFIRMATIVE DEFENSE

48.     Plaintiffs' claims are barred by the applicable statute of limitations.

WHEREFORE, Norfolk Southern Corporation, t/a Norfolk & Western Railway Company and Consolidated Rail Corporation, Defendants, demand judgment in their favor and against Terry Boyd Wilkinson and Michelle Wilkinson, Plaintiffs, as to any and all claims set forth in their Complaint.

NAUMAN, SMITH, SHISSLER & HALL, LLP

By: _____

**Craig J. Standenmaier, Esquire**
**Supreme Court ID# 34996**
200 North Third Street, P. O. Box 840
Harrisburg, PA  17108-0840
Telephone:  (717) 236-3010
Counsel for Norfolk Southern Corporation, t/a
Norfolk & Western Railway Company and
Consolidated Rail Corporation, Defendants

Date: July 31, 2001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY BOYD WILKINSON and SHARON WILKINSON, husband and wife, | : : : | CIVIL ACTION |
| Plaintiffs | : : | |
| | : | JURY TRIAL DEMANDED |
| NORFOLK SOUTHERN CORPORATION, t/a NORFOLK & WESTERN RAILWAY COMPANY | : : : | JUDGE SYLVIA H. RAMBO |
| AND | : | NO. 01-CV-1146 |
| CONSOLIDATED RAIL CORPORATION, Defendants | : : | |

### CERTIFICATE OF SERVICE

**AND NOW**, on the date stated below, I, **Craig J. Staudenmaier, Esquire**, of the firm of Nauman, Smith, Shissler & Hall, LLP,  hereby certify that I this day served the foregoing "Answer with Affirmative Defenses of Norfolk Southern Corporation, t/a Norfolk & Western Railway Company and Consolidated Rail Corporation, Defendants to Plaintiffs' Complaint" by depositing a copy of the same in the United States Mail, first class, postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

Joseph A. Coffey, Jr., Esquire
**COFFEY & KAYE**
Two Bala Plaza, Suite 718
Bala Cynwyd, PA  19004

NAUMAN, SMITH, SHISSLER & HALL, LLP

By: _____

**Craig J. Staudenmaier, Esquire**
**Supreme Court ID# 34996**

Date:  July 31, 2001

13