**ORIGINAL**



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY BOYD WILKINSON and SHARON WILKINSON, husband and wife, | : CIVIL ACTION |
| Plaintiffs | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| NORFOLK SOUTHERN RAILWAY COMPANY and CONSOLIDATED RAIL CORPORATION, | : JUDGE SYLVIA H. RAMBO |
| Defendants | : |
| | : NO. 01-CV-1146 |
| v. | : |
| GPS TERMINAL SERVICES, INC., Third Party Defendant | : |

**REPLY BRIEF OF NORFOLK SOUTHERN
RAILWAY COMPANY AND CONSOLIDATED
RAIL CORPORATION, DEFENDANTS**

I.  **INTRODUCTION**

On July 15, 2002, Norfolk Southern Railway Company and Consolidated Rail Corporation ("Railroads"), Defendants, filed their Motion for Summary Judgment, supporting brief and other required materials requesting that the Court grant summary judgment in their favor and against Plaintiffs, Terry Boyd Wilkinson and Sharon Wilkinson, as to the claims asserted under the Federal Employers' Liability Act ("FELA") in Count I of the Complaint and claims asserted under Pennsylvania negligence law set forth in Count II of the Complaint. After being granted an extension to file their brief in opposition and supporting materials, Plaintiffs filed their opposing brief and accompanying materials. This Brief of the Railroads is filed in reply to Plaintiffs' opposition brief.

II.  **ARGUMENT**

    A.    **Plaintiff has admitted the essential facts which prove he was not an employee of the railroad at the time of his accident.**

Plaintiffs, in both their response to the Railroads' Statement of Undisputed Facts and in their Brief, have either admitted or failed to deny the essential facts which clearly demonstrate that, at the time of his accident, Plaintiff was an employee

of GPS and not an employee of the Railroads under the provisions of the FELA. Plaintiff admits that he was an employee of GPS on the date of the accident, GPS provided services to the railroad under a written contract, GPS and the Railroads are separate, distinct corporations, he was hired by GPS, he performed numerous jobs, including foreman, for GPS and not for the railroad, he reported to GPS facilities, he was using equipment supplied to him solely by GPS, there was no one from the Railroads directly supervising him or directing his activities at the time of the accident, he reported his accident to a GPS supervisor and not the Railroads, he filled out an injury report to GPS and not the Railroads, and that his wages were paid solely by GPS and not the Railroads. See Railroads' Statement of Undisputed Facts and Plaintiffs' Responses thereto, 1, 2, 3, 7, 8, 9, 27, 29, 31, 32 and 33.

Plaintiff attempts to divert attention from these essential facts by making references to the initial instructions provided by the Railroads' programmer at the beginning of Plaintiff's shift and by reference to two (2) publications attached as Exhibits "B and "C" to his brief. Neither of these diversions create issues of fact or, more importantly, establish essential facts to demonstrate that Plaintiff was employed by the Railroads at the time of his accident. Plaintiff has failed to demonstrate from the facts of record that the programmer assigned any of the particular jobs to the GPS

employees that day, what equipment was to be used in performing those jobs or gave any instructions or directions as to how they were to perform the job, where to start or what tasks or methods to use. See Railroads' Statement of Undisputed Facts 11 and 30 and Plaintiffs' Response thereto. Plaintiff consistently repeats that the programmer "provided details of what work was to be performed, when it was to be performed and where it was to be performed." See Plaintiffs' Reply to Undisputed Facts 11 and 30. However, this is a misrepresentation of Mr. Wilkinson's testimony. For allegedly providing "details" of the work, Mr. Wilkinson admitted during his deposition that the programmer did not direct what equipment was to be used (Wilkinson, pp. 72-73), what employees were to do what jobs, the use of the pry bar, or how or in what order they were to unload the train and reload it (Wilkinson, pp. 157-159). The programmer merely provided information to Wilkinson and his co-workers as to which cars on which train had to be unloaded and which cars had to then be reloaded with which trailers.

This was clearly a situation similar to that described in the United States Supreme Court decision in <u>Kelley v. Southern Pacific Company</u>, 419 U.S. 318, 95 S. Ct. 472, 42 L.Ed. 2d 491 (1974), discussed in detail on pp. 9-14 of the Railroads' Brief in Support of their Motion for Summary Judgment. There the Supreme Court

described the exact situation where the Railroads and its independent contractor must necessarily share information about which cars are to be loaded and unloaded as part of the overall contract between the parties and so that the operation may run smoothly and efficiently. Sharing of such information does not constitute the supervision necessary to establish employment under the FELA. Wilkinson has failed to demonstrate any "supervision" by the Railroads as required by the Supreme Court in Kelley, an absolute prerequisite to a finding of employment under the FELA.

Wilkinson also relies heavily on two publications attached to his brief. As to Exhibit "B," the "Intermodal Trailer and Container Securement Manual," Plaintiffs have obviously forgotten that during Mr. Wilkinson's deposition, he specifically stated that he could not recall having seen it although it "looked familiar," but that he specifically had never received any printed or written materials about the procedures used in unlocking hitch mechanisms similar to that upon which he was hurt. (Wilkinson, p. 73). A close reading of the Manual shows it merely provides information regarding different types of hitches, how to lock and unlock, raise and lower them. It is curious now as to how Plaintiff can claim this is evidence of the Railroads' direct supervision and control over him creating employment under the FELA.

Finally, Plaintiffs have totally failed to address the admissions of his real employer, GPS, that he was its employee at the time of the accident, it supervised him, supplied him with the equipment used, paid him and had sole authority to hire and fire him. GPS Answers to Railroads' Request for Admission ¶1-3, 5-8, 10-12.

As to the other document attached as Exhibit "C", entitled "Norfolk Southern Railway Company Intermodal Operations Manual", there is absolutely no evidence that this document was applicable to Mr. Wilkinson's injury or situation. In fact, it has never been part of the record in this case. Regardless, Mr. Wilkinson's own admission of never receiving written materials from the Railroads coupled with the fact that it is merely a manual of guidelines and does not form the requisite supervision or control required by numerous decisions cited by the Railroads in their Brief fails to substantiate a claim of employment under the FELA.

> **B.    Plaintiff has failed to set forth any case law in support of his contention that he was an employee at the time of his accident, nor has he refuted any of the cases cited by the railroads in their Brief in Support of their Motion for Summary Judgment.**

Most telling on the issue of employment under the FELA, is Plaintiffs total failure to set forth any decisional law which would support his claim under the **facts of this case** that he was an employee of the Railroads at the time of his accident.

Except for citing to general principles of FELA law (which are not applicable until such time as Plaintiff has found to be covered by the FELA), Plaintiff offers no discussion of how the <u>Kelley</u> case (where the railroad and contractor were actually interrelated companies unlike here) and the other numerous cases cited by the Railroads in their Brief, do not clearly support the Railroads' contention that Plaintiff was not an employee of the Railroads at the time of his accident, particularly under the facts of this case. The Railroads will not repeat those cases here but will merely refer the Court to the <u>Kelley</u> decision and the other cases cited on pp. 12-15 of their Brief in Support of their Motion for Summary Judgment. Plaintiffs' failure to directly address these cases is, at best, a tacit admission that they are applicable to the facts here and that directly support the Railroads' motion.

    C.    **Plaintiffs have failed to refute any of the facts or case law cited by Defendants which would support their Motion for Summary Judgment under Pennsylvania negligence law.**

Plaintiffs devote three (3) paragraphs to refute the Railroads' contention that Plaintiffs cannot demonstrate, as the employee of an independent contractor, that he may recover under applicable Pennsylvania negligence law. Plaintiffs cite no case law, but merely refer to the <u>Pennsylvania Trial Guide</u>. Plaintiffs state that the Railroads are liable to Mr. Wilkinson as a "business visitor" at the time of his

7

accident totally ignoring the special status and law applicable to employees of an independent contractor. There is absolutely no discussion or, more importantly, refutation of the Railroads' clear contention that, as the employee of an independent contractor, the Railroads may only be liable to Plaintiff if he demonstrates under the facts that (1) the Railroads as a property owner "retained significant control over the work delegated to the contractor", or (2) that the work performed was considered a "special danger" or "peculiar risk". The admitted facts and those facts produced through discovery in this case clearly show that neither of these exceptions apply. In addition, Plaintiffs do nothing to refute the clear provisions of the specific written contract between the Railroad and GPS or GPS' admissions to its control, supervision and employment of Wilkinson at the time of his accident. Once again, Plaintiffs have failed to demonstrate any facts or law which would support their opposition.

III. **CONCLUSION**

For the reasons set forth in the original Brief of Norfolk Southern and Conrail in Support of their Motion for Summary Judgment and in light of the arguments above, Norfolk Southern Railway Company and Consolidated Rail Corporation

respectfully move that this Court grant their Motion for Summary Judgment as to any and all claims set forth in Plaintiffs' Complaint.

                            NAUMAN, SMITH, SHISSLER & HALL, LLP

By: _____
          **Craig J. Staudenmaier, Esquire**
          **Supreme Court ID# 34996**

          200 North Third Street, P. O. Box 840
          Harrisburg, PA 17108-0840
          Telephone: (717) 236-3010
          Counsel for Norfolk Southern Railway Company and Consolidated Rail Corporation

Date: August 29, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY BOYD WILKINSON and SHARON WILKINSON, husband and wife,<br>              Plaintiffs | : : : : : : | CIVIL ACTION |
| v. | : : | |
| NORFOLK SOUTHERN RAILWAY COMPANY and CONSOLIDATED RAIL CORPORATION,<br>              Defendants | : : : : : | JURY TRIAL DEMANDED<br><br>JUDGE SYLVIA H. RAMBO |
| v. | : : : | NO. 01-CV-1146 |
| GPS TERMINAL SERVICES, INC.,<br>           Third Party Defendant | : : | |

## CERTIFICATE OF SERVICE

AND NOW, on the date stated below, I, **Craig J. Staudenmaier, Esquire**, of the firm of Nauman, Smith, Shissler & Hall, LLP, hereby certify that I this day served the foregoing **REPLY BRIEF OF NORFOLK SOUTHERN RAILWAY COMPANY AND CONSOLIDATED RAIL CORPORATION, DEFENDANTS**

by depositing a copy of the same in the United States Mail, first class, postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

>Lawrence A. Katz, Esquire
>Robert E. Myers, Esquire
>**COFFEY & KAYE**
>Two Bala Plaza, Suite 718
>Bala Cynwyd, PA  19004
>
>Jeffrey B. Rettig, Esquire
>Hartman, Osborne & Rettig, P.C.
>126-128 Walnut Street
>Harrisburg, PA  17101

>NAUMAN, SMITH, SHISSLER & HALL, LLP
>
>By: _____
>**Craig J. Staudenmaier, Esquire**
>**Supreme Court ID# 34996**
>
>200 North Third Street, P. O. Box 840
>Harrisburg, PA  17108-0840
>Telephone:  (717) 236-3010
>Counsel for Norfolk Southern Railway
>Company and Consolidated Rail
>Corporation, Defendants

Date: August 29, 2002